IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>RALPH DOMINIC VACCARO,<br><br>    Debtor.<br>_____/<br>RALPH VACCARO,<br><br>    Plaintiff,<br><br>  v.<br><br>LONG BEACH MORTGAGE COMPANY;<br>SELECT PORTFOLIO SERVICING, INC.;<br>DEUTSCHE BANK NATIONAL TRUST<br>COMPANY,<br><br>    Defendants.<br>_____/ | No. C 13-5424 CW<br><br>Bk. Nos.  13-54338 ASW<br>         13-05145 ASW<br><br>ORDER DENYING MOTION TO<br>WITHDRAW THE REFERENCE |

Defendants Select Portfolio Servicing, Inc. and Deutsche Bank National Trust Company have filed a motion to withdraw the reference to the bankruptcy court for this adversary proceeding. Pro se Plaintiff and Debtor Ralph Vaccaro did not file a response to the motion to withdraw. Having considered the papers filed by Defendants and the record in the bankruptcy case, the Court DENIES the motion to withdraw the reference.

BACKGROUND

On August 13, 2013, Debtor filed a voluntary Chapter 13 Petition. Defendant Deutsche Bank National Trust Company filed a secured claim in the amount of $1,028,419.69. On October 18, 2013, Debtor filed an adversary proceeding against Long Beach

Mortgage Company, Select Portfolio Servicing, Inc., and Deutsche Bank National Trust Company.  In his complaint in the adversary proceeding, Debtor seeks to enjoin foreclosure on his home, on which Defendant Deutsche Bank holds a deed of trust.  Debtor alleges that Defendants "broke predatory lending laws and Truth in Lending Act" and seeks damages for violation of the California Consumers Legal Remedies Act, Cal. Civil Code §§ 1750, et seq. Bankruptcy Court 13-54338, Docket No. 1 at ¶ 8.

## DISCUSSION

Title 28 U.S.C. § 157 classifies matters in bankruptcy cases as either "'core proceedings,' in which the bankruptcy court 'may enter appropriate orders and judgments,' or 'non-core proceedings,' which the court may hear but for which it may only submit proposed findings of fact and conclusions of law to the district court for de novo review." Security Farms v. Int'l Bhd. of Teamsters, 124 F.3d 999, 1008 (9th Cir. 1997) (quoting 28 U.S.C. § 157).

Claims "arising under" or "arising in" Title 11 of the United States Code are core proceedings. In re Harris Pine Mills, 44 F.3d 1431, 1435 (9th Cir. 1995).  A claim arises under Title 11 if it involves "a cause of action created or determined by a statutory provision of Title 11," while a claim arises in Title 11 if it is an administrative matter that arises only in bankruptcy cases. Id. (quoting In re Wood, 825 F.2d 90, 96-97 (5th Cir. 1987)).  "If the proceeding does not invoke a substantive right

2

created by the federal bankruptcy law and is one that could exist outside of bankruptcy it is not a core proceeding." Id. (quoting In re Wood, 825 F.2d at 97). "Section 157 . . . mandates withdrawal [of the reference to the bankruptcy court] in cases requiring material consideration of non-bankruptcy federal law." Security Farms, 124 F.3d at 1008 (citing 28 U.S.C. § 157(d)).

"The district court may withdraw, in whole or in part, any case or proceeding referred under [§ 157], on its own motion or on timely motion of any party, for cause shown." 28 U.S.C. § 157(d). "In determining whether cause exists, a district court should consider the efficient use of judicial resources, delay and costs to the parties, uniformity of bankruptcy administration, the prevention of forum shopping, and other related factors." Security Farms, 124 F.3d at 1008 (citing In re Orion Pictures Corp., 4 F.3d 1095, 1101 (2nd Cir. 1993)). "A district court considering whether to withdraw the reference should first evaluate whether the claim is core or non-core, since it is upon this issue that questions of efficiency and uniformity will turn." In re Orion Pictures Corp., 4 F.3d at 1101.

The claims raised by Debtor in the adversary proceeding are not core claims. Rather, Debtor asserts a claim under California's Consumer Legal Remedies Act, and cites other California law and the federal Truth in Lending Act. None of these claims depend on bankruptcy laws, and any of them could

3

proceed in another court.  Accordingly, the Court finds that Debtor's claims are not core issues.

Defendants argue that the efficient use of judicial resources supports a finding of cause because the bankruptcy court can only render a final judgment on non-core proceedings if both parties consent.  28 U.S.C. § 157(c).  Defendants assert that Debtor does not consent to entry of a final order of judgment by the bankruptcy court.  However, Defendants' exhibit states that Debtor "<u>does</u> consent to entry of a final order of judgment by bankruptcy court."  Defendants' Request for Judicial Notice, Exhibit G at 3 (emphasis added).  Defendants do not state that they do not consent to entry of judgment by the bankruptcy court.  Accordingly, this factor does not weigh in favor of a finding of cause to withdraw the reference.

Defendants also argue that the factor of delay and costs to the parties favors withdrawal because the case was recently filed and Defendants have not yet been served with the complaint.  Accordingly, Defendants argue that proceeding in this Court will not result in any undue delay or costs.  While there might not be any additional delay or cost to proceeding in this Court, Defendants also have not shown that there would be any delay or cost to proceeding in the bankruptcy court.  This factor does not weigh in favor of a finding of cause to withdraw the reference.

4

The next factor is uniformity of bankruptcy administration. This factor does not weigh in favor of a finding of cause to withdraw the reference.

Finally, Defendants argue, "because the district court will be involved in this case regardless of whether the reference is withdrawn, there is no forum shopping." Defendants' Motion at 6. However, this argument is based on Defendants' erroneous contention that Debtor does not consent to entry of judgment by the bankruptcy court. This factor also does not weigh in favor of a finding of cause to withdraw the reference.

The Court finds that Plaintiff's claims are not core claims. However, none of the factors to be considered when determining whether cause exists to withdraw the reference weigh in favor of withdrawal of the reference. Accordingly, the Court DENIES the motion to withdraw the reference.

IT IS SO ORDERED.

Dated: 2/27/2014

CLAUDIA WILKEN
United States District Judge